UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN HILL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:12-cv-1595-RLY-DML |
| ) | |
| MARY LEDFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Claims Asserted Against Remaining
Defendants and Directing Entry of Final Judgment**

**I.**

**A. Background**

This action proceeds as to claims set forth in the third amended complaint of plaintiff Karen Hill, filed on January 9, 2013 which have not previously been dismissed. The defendants against whom claims remain are Mary Ledford, Joie Davis, Berta Johnson, Connie Portis, Robert Lebow, Sheryl Swartzkoff, and B&B Healthcare (hereafter "the remaining defendants"). The claims against the remaining defendants, as was the case with other claims already dismissed, arise out of the events which triggered a guardianship in the Marion County Probate Court or in that proceeding itself. Hill seeks leave to file yet another amended complaint and, separately, has been ordered to show that the claims against the remaining defendants are legally sufficient. Claims against the remaining defendants, as well as Hill's effort to further amend her pleadings, are addressed in this Entry.

### B. The Motion to File Amended Complaint

Hill's motion for leave to file an amended complaint [dkt 164] is **denied.** The reasons for this ruling are that (a) no proposed amended complaint is submitted with that motion, contrary to the requirements of Local Rule 15-(1), (b) Hill has had and has used ample opportunities to amend her complaint, (c) the reasons previously given denying Hill leave to further amend her complaint are pertinent here, and (d) a further amended complaint at this point would disserve the parties and interfere with the sound management of the court's docket. These circumstances demonstrate that it is not in the interests of justice that Hill be permitted at this late date to proceed on a fourth amended complaint which has not even been proffered.

### C. Claims against the Remaining Defendants

The *Federal Rules of Civil Procedure* require a complaint to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint must always . . . allege "enough facts to state a claim to relief that is plausible on its face." *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In applying this standard in the present case, the court gives Hill's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so. Despite this liberal construction, the court "will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported

conclusions of fact."*County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664.

"[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

A number of defendants appeared in the action and sought dismissal of the claims against them pursuant to Rule 12(b)(6) and/or Rule 12(c) of the *Federal Rules of Civil Procedure.* These rulings foreshadow the disposition of the claims against the remaining defendants. The principles of law which are pertinent to that disposition include the following:

- To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

- To state a claim under section 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir. 1994). If the person did not act "under color of state law," the action against that defendant must be dismissed. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" means the "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape,* 365 U.S. 167, 184 (1961) (citations omitted).

- The doctrine of res judicata, or claim preclusion, "bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979).

- This court does not have jurisdiction to review a state court judgment, even where the claim is made that the proceedings violated the plaintiff's constitutional rights. *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions.").

- To demonstrate standing to sue, "the party bringing suit must show that the action injures him in a concrete and personal way." *Massachusetts v. EPA,* 549 U.S. 497 (2007); *see also O=Bam v. Hawk*, 1994 WL 692969 (N.D.Ind. 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

The conclusions compelled from the foregoing are the following: *First,* Hill lacks standing to assert any claim on behalf of her deceased friend, Ronald Dawson. The claims asserted against the remaining defendants are state tort claims associated with the alleged mistreatment of Mr. Dawson. These are claims belonging to him. These are not claims, therefore, Hill can assert here because she lacks the standing to do so. Any claims not within this description were resolved in the Marion County Probate Court in establishing and administering the guardianship over Mr. Dawson and cannot be re-asserted or reviewed here. *Simmons v. Gillespie,* 712 F.3d 1041, 1043 (7th Cir. 2013) (*citing GASH Associates v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). *Second,* Hill clearly seeks review of decisions made in an Indiana state court in a case to which Ronald Dawson was a party and in which she sought to intervene. This court does not have jurisdiction to review a state court judgment or to re-adjudicate claims presented there.

### D. Exercise of Supplemental Jurisdiction

The prior rulings in this case dismissing particular claims have not distinguished claims based on federal question jurisdiction from claims based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Those rulings, together with the ruling in this Entry, have not explicitly concluded that the exercise of supplemental jurisdiction is warranted. However, the court now

specifically concludes that the retention of jurisdiction over the state-law claim for defamation is appropriate in this case. *Lawrence v. Kenosha County,* 391 F.3d 837, 844 (7th Cir. 2004); *see also Grove v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) (district court did not abuse discretion in retaining jurisdiction over supplemental state claims for reasons of judicial economy); *Sullivan v. Conway,* 157 F.3d 1092, 1095 (7th Cir. 1998) (federal-state comity not furthered by sending "doomed litigation . . . back to the state court to be dismissed there"); *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997) (where "an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case").

### E. Conclusion

"The Supreme Court's decisions in '*Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim.'" *Reserve Hotels PTY Ltd. v. Mavrakis*, 790 F.3d 738, 740 (7th Cir. 2015)(quoting *Bank of America, N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013)). Hill's third amended complaint lacks a plausible claim against the remaining defendants and thus, despite all the sound and fury, the third amended complaint is legally insufficient. *See Def. Sec. Co. v. First Mercury Ins. Co.,* 803 F.3d 327, 334 (7th Cir. 2015)("allegations in the form of legal conclusions are insufficient. . . . [a]s are threadbare recitals of the elements of a cause of action, supported by mere conclusory statements")(interior quotations and citations omitted). Claims against the remaining defendants are therefore **dismissed for failure to state a claim upon which relief can be granted.** *See Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

The foregoing ruling, together with the prior rulings disposing of other claims, resolves all claims against all defendants.

**II.**

Judgment consistent with this Entry and with the prior rulings dismissing other claims shall now issue.

IT IS SO ORDERED.


Date: __3/17/2016__   

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distribution:

Karen Hill
5829 Bolton Ct., #102
Indianapolis, IN 46219

Electronically Registered Counsel